ORIGINAL

1 | THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2 | THOMAS E. FRANKOVICH (State Bar No. 074414)
4328 Redwood Hwy., Suite 300
3 | San Rafael, CA 94903
Telephone:    415/674-8600
4 | Facsimile:    415/674-9900

5 | Attorneys for Plaintiff
CRAIG YATES, an individual
6

E-filing

7 | **UNITED STATES DISTRICT COURT**

8 | **NORTHERN DISTRICT OF CALIFORNIA**

*EDL*

9

10 | CRAIG YATES, an individual,

CASE NO.
Civil Rights  10  2484

11 | Plaintiff,

12 | v.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

13 |

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

14 | CIGARETTE DEPOT; DON WONG and MAR SHEE WONG, as Trustees of the
15 | WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated
16 | June 20, 1997; and ALI M. JAMIL, an individual,

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

17 |

Defendants.

**3rd CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

18 |

19 |

20 |

21 |

22 |

**DEMAND FOR JURY**

23 |

24 |

25 |

26 |

27 |

28 |

1  Plaintiff CRAIG YATES, an individual, complains of defendants DON WONG and
2  MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under
3  Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an individual and alleges as
4  follows:

5  **INTRODUCTION:**

6  1.  This is a civil rights action for discrimination against persons with physical
7  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
8  for failure to remove architectural barriers structural in nature at defendants' CIGARETTE
9  DEPOT, a place of public accommodation, thereby discriminatorily denying plaintiff and the
10  class of other similarly situated persons with physical disabilities access to, the full and equal
11  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and
12  accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the
13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15  2.  Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
16  March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010, was an invitee, guest, patron,
17  customer at defendants' CIGARETTE DEPOT, in the City of San Francisco, California.  At said
18  times and place, defendants failed to provide proper legal access to the CIGARETTE DEPOT,
19  which is a "public accommodation" and/or a "public facility" including, but not limited to
20  entrance and double doors.  The denial of access was in violation of both federal and California
21  legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and
22  equal access, and was embarrassed and humiliated.

23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  **JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6  California law, whose goals are closely tied with the ADA, including but not limited to violations
7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8  *seq.*, including §19959; Title 24 California Building Standards Code.

9      4.    **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10  founded on the facts that the real property which is the subject of this action is located at/near
11  2254 Clement Street, in the City and County of San Francisco, State of California, and that
12  plaintiff's causes of action arose in this county.

13  **PARTIES:**

14      5.    Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16  disabled", "physically handicapped" and "person with physical disabilities" are used
17  interchangeably, as these words have similar or identical common usage and legal meaning, but
18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of
24  that portion of the public whose rights are protected by the provisions of Health & Safety Code
25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28  §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Defendants DON WONG and MAR SHEE WONG, as Trustees of the WAHONG

2  BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997; and ALI M.

3  JAMIL, an individual (hereinafter alternatively collectively referred to as "defendants") are the

4  owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of

5  the public accommodation known as CIGARETTE DEPOT, located at/near 2254 Clement Street,

6  San Francisco, California, or of the building and/or buildings which constitute said public

7  accommodation.

8    7.    At all times relevant to this complaint, defendants DON WONG and MAR SHEE

9  WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of

10  Trust dated June 20, 1997; and ALI M. JAMIL, an individual, own and operate in joint venture

11  the subject CIGARETTE DEPOT as a public accommodation.  This business is open to the

12  general public and conducts business therein.  The business is a "public accommodation" or

13  "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,*

14  Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

15    8.    At all times relevant to this complaint, defendants DON WONG and MAR SHEE

16  WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of

17  Trust dated June 20, 1997; and ALI M. JAMIL, an individual are jointly and severally

18  responsible to identify and remove architectural barriers at the subject CIGARETTE DEPOT

19  pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

20  part:

21         **§ 36.201    General**

22              (b) *Landlord and tenant responsibilities.* Both the landlord
            who owns the building that houses a place of public
23         accommodation and the tenant who owns or operates the place of
            public accommodation are public accommodations subject to the
24         requirements of this part.  As between the parties, allocation of
            responsibility for complying with the obligations of this part may
25         be determined by lease or other contract.

26         28 CFR §36.201(b)

27  ///

28  ///

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.     The CIGARETTE DEPOT, is a retail store, located at/near 2254 Clement Street, San Francisco, California. The CIGARETTE DEPOT, its entrance and double doors, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the CIGARETTE DEPOT and each of its facilities, its entrance and double doors to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.     On or about June 20, 1997, defendants' and each of them purchased and/or took possessory control of the premises now known as CIGARETTE DEPOT. At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that CIGARETTE DEPOT was not accessible to the disabled. Nevertheless, defendants' and each of them, operated subject retail store as though it was accessible.

11.     At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.     At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the CIGARETTE DEPOT as being handicapped accessible and handicapped usable.

13.     On or about March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject CIGARETTE DEPOT, for purposes of purchasing sundries.

///

14. On or about March 24, 2010, plaintiff CRAIG YATES rolled to the CIGARETTE DEPOT, and was unable to gain entrance because of a raised five (5) to six (6) inch step landing and narrow double doors.

15. On or about April 5, 2010, plaintiff CRAIG YATES wrote a comprehensive letter to both the landlord and the tenant explaining that he was a wheelchair user and could not gain access to the CIGARETTE DEPOT. Plaintiff CRAIG YATES also noted that each of the double doors was too narrow.

16. At said time, plaintiff CRAIG YATES in his letter suggested that it may be possible to do a curb cut, have an alternative entrance or provide a portable ramp.

17. At said time, plaintiff CRAIG YATES in his letter also suggested a buzzer, signage and Prairie Industries from which a portable ramp could be purchased. Plaintiff CRAIG YATES provided the phone number for Prairie Industries. Plaintiff CRAIG YATES never received a response.

18. On or about April 17, 2010, May 1, 2010 and May 6, 2010, plaintiff CRAIG YATES returned to the CIGARETTE DEPOT. Plaintiff CRAIG YATES encountered all of the same barriers as on his first visit, to wit: raised concrete landing; narrow double doors; and lack of an apparatus to summon assistance from the sidewalk.

19. Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject CIGARETTE DEPOT which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

    a. lack of directional signage to show accessible routes of travel, i.e. entrances; and/or means in which to gain access;

    b. lack of an accessible entrance due to raised concrete landing and narrow double doors;

    c. lack of reduced door pressure throughout; and

    d. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    20.    At all times stated herein, the existence of architectural barriers at defendants'
2 place of public accommodation evidenced "actual notice" of defendants' intent not to comply
3 with the Americans with Disabilities Act of 1990 either then, now or in the future.

4    21.    On or about April 5, 2010, defendant(s) were sent two (2) letters by or on behalf of
5 plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural
6 barriers and requesting a written response upon receipt of his letter, promising to immediately
7 remove the barriers and providing a date when that would be accomplished. Said letters are
8 attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth
9 herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and
10 reasonable resolution of the matter.

11    22.    At all times stated herein, defendants, and each of them, did not act as reasonable
12 and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
13 removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
14 receiving the same goods and services as able bodied people and some of which may and did pose
15 a threat of harm and/or personal injury to people with disabilities.

16    23.    As a legal result of defendants DON WONG and MAR SHEE WONG, as Trustees
17 of the WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20,
18 1997; and ALI M. JAMIL, an individual's failure to act as a reasonable and prudent public
19 accommodation in identifying, removing or creating architectural barriers, policies, practices and
20 procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the
21 damages as alleged herein.

22    24.    As a further legal result of the actions and failure to act of defendants, and as a
23 legal result of the failure to provide proper handicapped-accessible public facilities as set forth
24 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff
25 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical
26 disabilities to full and equal access to public facilities.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    25.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
2  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
3  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
4  person with physical disabilities being denied access, all to his damages as prayed hereinafter in
5  an amount within the jurisdiction of this court. No claim is being made for mental and emotional
6  distress over and above that usually associated with the discrimination and physical injuries
7  claimed, and no expert testimony regarding this usual mental and emotional distress will be
8  presented at trial in support of the claim for damages.

9    26.    Defendants', and each of their, failure to remove the architectural barriers
10  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
11  accommodation, and continues to create continuous and repeated exposure to substantially the
12  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

13    27.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility
14  by defendants DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL
15  WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL,
16  an individual, because defendants DON WONG and MAR SHEE WONG, as Trustees of the
17  WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997; and
18  ALI M. JAMIL, an individual maintained a retail store without access for persons with physical
19  disabilities to its facilities, including but not limited to the entrance and double doors, and other
20  public areas as stated herein, and continue to the date of filing this complaint to deny equal access
21  to plaintiff and other persons with physical disabilities in these and other ways.

22    28.    On information and belief, construction alterations carried out by defendants have
23  also triggered access requirements under both California law and the Americans with Disabilities
24  Act of 1990.

25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

1    29.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the
2  CIGARETTE DEPOT to be made accessible to meet the requirements of both California law and
3  the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
4  operate the CIGARETTE DEPOT as a public facility.

5    30.    Plaintiff seeks damages for violation of their civil rights on March 24, 2010,
6  April 17, 2010, May 1, 2010 and May 6, 2010 and seeks statutory damages of not less than
7  $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for
8  each day after his visit that the trier of fact (court/jury) determines was the date that some or all
9  remedial work should have been completed under the standard that the landlord and tenant had an
10 ongoing duty to identify and remove architectural barriers where it was readily achievable to do
11 so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation
12 because of his knowledge and/or belief that neither some or all architectural barriers had been
13 removed and that said premises remains inaccessible to persons with disabilities whether a
14 wheelchair user or otherwise.

15    31.    On information and belief, defendants have been negligent in their affirmative duty
16 to identify the architectural barriers complained of herein and negligent in the removal of some or
17 all of said barriers.

18    32.    Because of defendants' violations, plaintiff and other persons with physical
19 disabilities are unable to use public facilities such as those owned and operated by defendants on a
20 "full and equal" basis unless such facility is in compliance with the provisions of the Americans
21 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
22 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling
23 defendants to make the CIGARETTE DEPOT accessible to persons with disabilities.

24 ///
25 ///
26 ///
27 ///
28 ///

1    33.    On information and belief, defendants have intentionally undertaken to modify and
2 alter existing building(s), and have failed to make them comply with accessibility requirements
3 under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4 of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5 and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
6 out by defendants, and each of them, with a willful and conscious disregard for the rights and
7 safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
8 provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9 defendants, and each of them, to other operators and landlords of other retail stores and other
10 public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,
11 51.5 and 54.

12    34.    Plaintiff is informed and believes and therefore alleges that defendants DON
13 WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST,
14 under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an individual, and each of
15 them, caused the subject building(s) which constitute the CIGARETTE DEPOT to be constructed,
16 altered and maintained in such a manner that persons with physical disabilities were denied full
17 and equal access to, within and throughout said building(s) of the subject depot and were denied
18 full and equal use of said public facilities. Furthermore, on information and belief, defendants
19 have continued to maintain and operate said retail store and/or its building(s) in such conditions
20 up to the present time, despite actual and constructive notice to such defendants that the
21 configuration of the CIGARETTE DEPOT and/or its building(s) is in violation of the civil rights
22 of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the
23 disability community. Such construction, modification, ownership, operation, maintenance and
24 practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
25 Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1    35.    On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the CIGARETTE DEPOT and/or building(s) was in violation of
4 the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited
5 to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
6 restaurants, hotels, motels, retail stores and businesses, notices they obtained from governmental
7 agencies upon modification, improvement, or substantial repair of the subject premises and other
8 properties owned by these defendants, newspaper articles and trade publications regarding the
9 Americans with Disabilities Act of 1990 and other access laws, public service announcements by
10 former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
11 Defendants' failure, under state and federal law, to make the CIGARETTE DEPOT accessible is
12 further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly
13 situated persons with disabilities. Despite being informed of such effect on plaintiff and other
14 persons with physical disabilities due to the lack of accessible facilities, defendants, and each of
15 them, knowingly and willfully refused to take any steps to rectify the situation and to provide full
16 and equal access for plaintiff and other persons with physical disabilities to the subject retail store.
17 Said defendants, and each of them, have continued such practices, in conscious disregard for the
18 rights of plaintiff and other persons with physical disabilities, up to the date of filing of this
19 complaint, and continuing thereon. Defendants had further actual knowledge of the architectural
20 barriers referred to herein by virtue of the demand letter addressed to the defendants and served
21 concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was
22 and is having on plaintiff and other persons with physical disabilities, constitutes despicable
23 conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated
24 persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

25    36.    Plaintiff CRAIG YATES and the disability community, consisting of persons with
26 disabilities, would, could and will return to the subject public accommodation when it is made
27 accessible to persons with disabilities.

28 ///

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DON
WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS
TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an
individual , inclusive)
(42 U.S.C. §12101, *et seq.*)

37.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 36 of this complaint.

38.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

39.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

1      40.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3 Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4 accommodations identified for purposes of this title was:

5          (7)    PUBLIC ACCOMMODATION - The following private
          entities are considered public accommodations for purposes of this

6          title, if the operations of such entities affect commerce -

7                 ---

8           (E) a bakery, grocery store, clothing store, hardware store,
          shopping center, or other sales or rental establishment.

9

10         42 U.S.C. §12181(7)(E)

11     41.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

12 on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

13 privileges, advantages, or accommodations of any place of public accommodation by any person

14 who owns, leases, or leases to, or operates a place of public accommodation."

15     42.    The specific prohibitions against discrimination set forth in §302(b)(2)(a),

16 42 U.S.C. §12182(b)(2)(a) are:

17           (I)    the imposition or application of eligibility criteria
          that screen out or tend to screen out an individual with a disability

18          or any class of individuals with disabilities from fully and equally
          enjoying any goods, services, facilities, privileges, advantages, or

19          accommodations, unless such criteria can be shown to be necessary
          for the provision of the goods, services, facilities, privileges,

20          advantages, or accommodations being offered;

21           (ii)    a failure to make reasonable modifications in
          policies, practices, or procedures, when such modifications are

22          necessary to afford such goods, services, facilities, privileges,
          advantages or accommodations to individuals with disabilities,

23          unless the entity can demonstrate that making such modifications
          would fundamentally alter the nature of such goods, services,

24          facilities, privileges, advantages, or accommodations;

25           (iii)    a failure to take such steps as may be necessary to
          ensure that no individual with a disability is excluded, denied

26          services, segregated or otherwise treated differently than other
          individuals because of the absence of auxiliary aids and services,

27          unless the entity can demonstrate that taking such steps would
          fundamentally alter the nature of the good, service, facility,

28          privilege, advantage, or accommodation being offered or would
          result in an undue burden;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

               (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

               (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

43.    The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of CIGARETTE DEPOT pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

44.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

///

///

///

1      45.     On information and belief, construction work on, and modifications of, the subject
2   building(s) of the subject retail store occurred after the compliance date for the Americans with
3   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4   the ADA.

5      46.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
6   *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8   of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9   to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10  making use of the public facilities complained of herein so long as the premises and defendants'
11  policies bar full and equal use by persons with physical disabilities.

12     47.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about May
16  6, 2010, but on information and belief, alleges that defendants have continued to violate the law
17  and deny the rights of plaintiff and of other persons with physical disabilities to access this public
18  accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) .
19  . . injunctive relief shall include an order to alter facilities to make such facilities readily
20  accessible to and usable by individuals with disabilities to the extent required by this title."

21     48.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
22  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
23  the Americans with Disabilities Act of 1990, including but not limited to an order granting
24  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
25  deemed to be the prevailing party.

26  ///

27  ///

28  ///

1  **II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
   IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
2  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DON
   WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS
3  TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an
   individual, inclusive)
4  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

5  49.  Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

6  allegations contained in paragraphs 1 through 48 of this complaint.

7  50.  At all times relevant to this action, California Civil Code §54 has provided that

8  persons with physical disabilities are not to be discriminated against because of physical handicap

9  or disability. This section provides that:

10  (a) Individuals with disabilities . . . have the same rights as
    the general public to full and free use of the streets, highways,
11  sidewalks, walkways, public buildings, medical facilities, including
    hospitals, clinics, and physicians' offices, and other public places.
12
    51.  California Civil Code §54.1 provides that persons with disabilities shall not be
13
    denied full and equal access to places of public accommodation or facilities:
14
    (a)(1) Individuals with disabilities shall be entitled to full
15  and equal access, as other members of the general public, to
    accommodations, advantages, facilities, medical facilities, including
16  hospitals, clinics, and physicians' offices, and privileges of all
    common carriers, airplanes, motor vehicles, railroad trains,
17  motorbuses, streetcars, boats, or any other public conveyances or
    modes of transportation (whether private, public, franchised,
18  licensed, contracted, or otherwise provided), telephone facilities,
    adoption agencies, private schools, hotels, lodging places, places of
19  public accommodation, amusement or resort, and other places to
    which the general public is invited, subject only to the conditions
20  and limitations established by law, or state or federal regulation, and
    applicable alike to all persons.
21
    Civil Code §54.1(a)(1)
22
    52.  California Civil Code §54.1 further provides that a violation of the Americans with
23
    Disabilities Act of 1990 constitutes a violation of section 54.1:
24
    (d) A violation of the right of an individual under the
25  Americans with Disabilities Act of 1990 (Public Law 101-336) also
    constitutes a violation of this section, and nothing in this section
26  shall be construed to limit the access of any person in violation of
    that act.
27
    Civil Code §54.1(d)
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    53.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2 whose rights have been infringed upon and violated by the defendants, and each of them, as

3 prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4 knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5 Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6 defendants' CIGARETTE DEPOT. As a legal result, plaintiff is entitled to seek damages

7 pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

8 each day on which he visited or have been deterred from visiting the subject retail store because of

9 his knowledge and belief that the CIGARETTE DEPOT is inaccessible to persons with

10 disabilities. California Civil Code §54.3(a) provides:

11          Any person or persons, firm or corporation, who denies or interferes
            with admittance to or enjoyment of the public facilities as specified
12          in Sections 54 and 54.1 or otherwise interferes with the rights of an
            individual with a disability under Sections 54, 54.1 and 54.2 is
13          liable for each offense for the actual damages and any amount as
            may be determined by a jury, or the court sitting without a jury, up
14          to a maximum of three times the amount of actual damages but in
            no case less than . . .one thousand dollars ($1,000) and . . .
15          attorney's fees as may be determined by the court in addition
            thereto, suffered by any person denied any of the rights provided in
16          Sections 54, 54.1 and 54.2.

17          Civil Code §54.3(a)

18    54.    On or about March 24, 2010, April 17, 2010, May 1, 2010 and May 6, 2010,

19 plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff was

20 denied access to the entrance, double doors and other public facilities as stated herein at the

21 CIGARETTE DEPOT and on the basis that plaintiff CRAIG YATES was a person with physical

22 disabilities.

23    55.    As a result of the denial of equal access to defendants' facilities due to the acts and

24 omissions of defendants, and each of them, in owning, operating and maintaining these subject

25 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

26 rights under Civil Code §§54, 54.1 and 54.3.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    56.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3  and worry, all of which are expectedly and naturally associated with a denial of access to a person
4  with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6  person or an entity that represents persons with physical disabilities and unable, because of the
7  architectural barriers created and maintained by the defendants in violation of the subject laws, to
8  use the public facilities hereinabove described on a full and equal basis as other persons.

9    57.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11  as a person or an entity that represents persons with physical disabilities on or about March 24,
12  2010, April 17, 2010, May 1, 2010 and May 6, 2010, and on a continuing basis since then,
13  including statutory damages, a trebling of all of actual damages, general and special damages
14  available pursuant to §54.3 of the Civil Code according to proof.

15    58.    As a result of defendants', and each of their, acts and omissions in this regard,
16  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
17  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
18  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
19  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
20  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
21  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
22  compel the defendants to make their facilities accessible to all members of the public with
23  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
24  the provisions of §1021.5 of the Code of Civil Procedure.

25  ///
26  ///
27  ///
28  ///

1    59.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

2  them, to make the subject place of public accommodation readily accessible to and usable by

3  persons with disabilities.

4  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL
         ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR**
5  **SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE
         UNRUH CIVIL RIGHTS ACT)**
6  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DON
      WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS
7  TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an
      individual, inclusive)
8  (Civil Code §51, 51.5)

9    60.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

10 the allegations contained in paragraphs 1 through 59 of this complaint.

11 ///

12 ///

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1  61.  Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4  Unruh Act provides:

5      This section shall be known, and may be cited, as the Unruh
       Civil Rights Act.
6
       All persons within the jurisdiction of this state are free and
7      equal, and no matter what their sex, race, color, religion, ancestry,
       national origin, or **disability** are entitled to the full and equal
8      accommodations, advantages, facilities, privileges, or services in all
       business establishments of every kind whatsoever.
9
       This section shall not be construed to confer any right or
10     privilege on a person that is conditioned or limited by law or that is
       applicable alike to persons of every sex, color, race, religion,
11     ancestry, national origin, or **disability.**

12     Nothing in this section shall be construed to require any
       construction, alteration, repair, structural or otherwise, or
13     modification of any sort whatsoever, beyond that construction,
       alteration, repair, or modification that is otherwise required by other
14     provisions of law, to any new or existing establishment, facility,
       building, improvement, or any other structure . . . nor shall anything
15     in this section be construed to augment, restrict, or alter in any way
       the authority of the State Architect to require construction,
16     alteration, repair, or modifications that the State Architect otherwise
       possesses pursuant to other . . . laws.
17
       A violation of the right of any individual under the
18     Americans with Disabilities Act of 1990 (Public Law 101-336) shall
       also constitute a violation of this section.
19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

1       62.     The acts and omissions of defendants stated herein are discriminatory in nature and

2 in violation of Civil Code §51.5:

3                   No business establishment of any kind whatsoever shall
             discriminate against, boycott or blacklist, refuse to buy from, sell to,

4              or trade with any person in this state because of the race, creed,
             religion, color, national origin, sex, or **disability** of the person or of

5              the person's partners, members, stockholders, directors, officers,
             managers, superintendents, agents, employees, business associates,

6              suppliers, or customers.

7                   As used in this section, "person" includes any person, firm
             association, organization, partnership, business trust, corporation,

8              limited liability company, or company.

9                   Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or

10            modification of any sort whatsoever, beyond that construction,
             alteration, repair or modification that is otherwise required by other

11            provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything

12            in this section be construed to augment, restrict or alter in any way
             the authority of the State Architect to require construction,

13            alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other laws.

14

15       63.     Defendants' acts and omissions as specified have denied to the plaintiff full and

16 equal accommodations, advantages, facilities, privileges and services in a business establishment,

17 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil

18 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A

19 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public

20 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates

21 the entirety of his above cause of action for violation of the Americans with Disabilities Act at

22 §37, *et seq.*, as if repled herein.

23       64.     As a further legal result of the actions and failure to act of defendants, and as a

24 legal result of the failure to provide proper handicapped-accessible public facilities as set forth

25 herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

26 CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

27 disabilities to full and equal access to public facilities.

28 ///

1     65.     Further, plaintiff CRAIG YATES suffered mental distress, mental

2  suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3  disappointment and worry, all of which are expectedly and naturally associated with a denial of

4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6  basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7  unable, because of the architectural barriers created and maintained by the defendants in violation

8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9  other persons.

10     66.     Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11  of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12  mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13  allowed by statute, according to proof if deemed to be the prevailing party.

14  **PRAYER:**

15     Plaintiff prays that this court award damages and provide relief as follows:

16  **I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
       PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

17  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101,** *et seq.***)**
       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DON

18  WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS
       TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an

19  individual, inclusive)
       (42 U.S.C. §12101, *et seq.*)

20
       1.     For injunctive relief, compelling defendants DON WONG and MAR SHEE

21
    WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of

22
    Trust dated June 20, 1997; and ALI M. JAMIL, an individual, inclusive, to make the

23
    CIGARETTE DEPOT, located at 2254 Clement Street, San Francisco, California, readily

24
    accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to

25
    make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

26
    afford full access to the goods, services, facilities, privileges, advantages and accommodations

27
    being offered.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

2  prevailing party; and

3    3.    For such other and further relief as the court may deem proper.

4  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
     **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5     **AND 54.3, *ET SEO*.**
     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DON
6     WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS
     TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an
7     individual, inclusive)
     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

8
     1.    For injunctive relief, compelling defendants DON WONG and MAR SHEE
9
   WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of
10
   Trust dated June 20, 1997; and ALI M. JAMIL, an individual, inclusive, to make the
11
   CIGARETTE DEPOT, located at 2254 Clement Street, San Francisco, California, readily
12
   accessible to and usable by individuals with disabilities, per state law.
13
     2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for
14
   each occasion on which plaintiff was deterred from returning to the subject public
15
   accommodation.
16
     3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,
17
   if plaintiffs are deemed the prevailing party;
18
     4.    Treble damages pursuant to Civil Code §54.3;
19
     5.    General damages according to proof;
20
     6.    For all costs of suit;
21
     7.    Prejudgment interest pursuant to Civil Code §3291; and
22
     8.    Such other and further relief as the court may deem just and proper.
23

24  ///

25  ///

26  ///

27  ///

28  ///

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DON WONG and MAR SHEE WONG, as Trustees of the WAHONG BILL WONG BYPASS TRUST, under Declaration of Trust dated June 20, 1997; and ALI M. JAMIL, an individual, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.     General damages according to proof;

4.     Treble damages pursuant to Civil Code §52(a);

5.     For all costs of suit;

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1      6.     Prejudgment interest pursuant to Civil Code §3291; and

2      7.     Such other and further relief as the court may deem just and proper.

3

4  Dated: _____5/12/10_____, 2010        THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
5

6                                   By:

7                                          THOMAS E. FRANKOVICH
                                          Attorneys for Plaintiff CRAIG YATES, an individual
8

9

10                              **DEMAND FOR JURY TRIAL**

11     Plaintiff hereby demands a jury for all claims for which a jury is permitted.

12

13  Dated: _____5-12-10_____, 2010        THOMAS E. FRANKOVICH,
                                          *A PROFESSIONAL LAW CORPORATION*
14

15                                  By:

16                                         THOMAS E. FRANKOVICH
                                          Attorneys for Plaintiff CRAIG YATES, an individual
17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 5, 2010

Owner of the Building
Cigarette Depot
2254 Clement Street
San Francisco, CA 94121

Dear Owner of Building for Cigarette Depot:

Recently, I visited Cigarette Depot and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 5, 2010

Manager
Cigarette Depot
2254 Clement Street
San Francisco, CA 94121

Dear Manager of Cigarette Depot:

Recently, I visited Cigarette Depot and I couldn't get in. You see, I use a wheelchair and there is a step to get in. Wheelchair users like myself, simply can't get in.

Is there a way to do a curb cut in or a permanent ramp, maybe another entrance? Maybe what you need to get is a portable light aluminum ramp, install a buzzer and a sign for use by the disabled. For every 1" of step up, you need 1ft. of ramp. So, if your step is 5" high, you need a 5ft. ramp. If it's 8" high, you need a 8ft. ramp. The sign should say something like: "Press buzzer for ramp assistance." Maybe make it 11" x 17" with the wheelchair symbol in white and blue background. You've seen those signs, haven't you?

A place that sells ramps is Prairie View Industries, Inc. at 800-554-7267. There are other places to get a ramp from but here is a start.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates